IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RANDALL D. J. M.,**[1]

      Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

3:19-cv-01534-BR

OPINION AND ORDER

**KEVIN KERR**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR  97293
(503) 255-9092

      Attorneys for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.  Where applicable, this Court uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**BENJAMIN J. GROEBNER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2494

	Attorneys for Defendant

**BROWN, Senior Judge.**

	Plaintiff Randall D. J. M. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

	For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

	On November 18, 2015, Plaintiff protectively filed his application for SSI benefits, and on November 24, 2015, he protectively filed his application for DIB benefits.  Tr. 20,

304, 306.[2]  Plaintiff alleges a disability onset date of August 13, 2010.  Tr. 20, 304, 306.  Plaintiff's applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on January 24, 2018, and he held a supplemental hearing on June 7, 2018.  Tr. 20, 50-65, 66-82.  Plaintiff and a vocational expert (VE) testified at both hearings.  Plaintiff was represented by an attorney at both hearings.

On August 22, 2018, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 20-42.  Plaintiff requested review by the Appeals Council.  On July 18, 2019, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 6-11.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On September 23, 2019, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

---

[2] Citations to the official Transcript of Record (#13, 14) filed by the Commissioner on August 3, 2020, are referred to as "Tr."

3 - OPINION AND ORDER

## BACKGROUND

Plaintiff was born on October 21, 1980.  Tr. 41, 305, 306. Plaintiff was 29 years old on his alleged disability onset date. Tr. 41.  Plaintiff has at least a high-school education. Tr. 41.  Plaintiff has past relevant work experience as a store laborer, stock supervisor, security guard, and lubrication servicer.  Tr. 41.

Plaintiff alleges disability due to compressed discs in his neck, superior and inferior tears in the labrum, chronic wrist issues, ulnar neuropathy, chronic lower-back pain, and limited motion in his neck.  Tr. 85, 165, 170.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 27-40.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or

4 - OPINION AND ORDER

mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  "It is more than a mere scintilla [of evidence] but less than a preponderance."  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence

whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

6 - OPINION AND ORDER

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform

work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since August 13, 2010, Plaintiff's alleged disability onset date.  Tr. 22.

At Step Two the ALJ found Plaintiff has the severe impairments of right-shoulder labrum tear and paralabral cyst,

8 - OPINION AND ORDER

right-wrist injury, degenerative-disc disease of the cervical spine, obesity, anxiety, and depression.  Tr. 23.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 23.  The ALJ found Plaintiff has the RFC to perform light work with the following limitations:  cannot engage in overhead work with the right arm; can only occasionally engage in overhead work with the left arm; can "frequently" finger and handle with his right hand; cannot climb ladders or crawl; can only occasionally crouch and kneel; can perform simple, entry-level work involving only occasional, nontransactional interactions with the public and only occasional interactions with coworkers.  Tr. 25.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 40.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as routing clerk, production assembler, and electrical-accessories assembler.  Tr. 41-42.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 42.

**DISCUSSION**

Plaintiff contends the ALJ erred when he failed to account properly for Plaintiff's right-hand limitation in his assessment of Plaintiff's RFC.

The Court notes Plaintiff does not specifically challenge any other aspect of the ALJ's decision such as the ALJ's assessment of Plaintiff's subjective symptom testimony or the medical opinions in the record.

**I.    The ALJ did not err in his assessment of Plaintiff's RFC.**

Plaintiff contends the ALJ erred when he determined Plaintiff was able "to frequently" finger and handle with his right hand. Plaintiff asserts the medical evidence indicates he is limited to only "occasional" fingering or handling with his right hand.

**A.    Standards**

As noted, if the Commissioner proceeds beyond Step Three of the regulatory sequential evaluation, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and

continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

**B.    Analysis**

Plaintiff testified he fell and injured both of his wrists and shoulders in July 2010. Tr. 72. Plaintiff alleges he is unable to work due in part to his right-wrist injury.

The ALJ discounted Plaintiff's testimony and concluded Plaintiff's ability to function was greater than Plaintiff alleged. Plaintiff does not specifically challenge the ALJ's assessment of Plaintiff's testimony. In any event, the ALJ considered the entire record when he assessed Plaintiff's RFC, including Plaintiff's symptom testimony, Plaintiff's daily activities, and Plaintiff's entire medical record. As noted, the ALJ concluded Plaintiff has the RFC for light work with the limitation of "frequently fingering and handling with the right hand." Tr. 25.

In September 2010 Plaintiff had a CT-guided MR arthrogram of his right wrist that showed a defect in the lunate

triquetral ligament, which did not appear without contrast and indicated a rupture of the ligament.  Tr. 680.

On March 19, 2014, Brad Lorber, M.D., performed an independent medical examination of Plaintiff.  Tr. 2269-89.  Dr. Lorber concluded Plaintiff does not have "any significant limitations of repetitive use for either wrist."  Tr. 2288.  Although Plaintiff has some loss of range of motion of his wrists, Dr. Lorber noted there is not any "loss of motor strength that would be focal, attributable to any of [Plaintiff's] accepted conditions."  Tr. 2288.

On February 23, 2016, Lloyd Wiggins, M.D., a state-agency physician, concluded Plaintiff has "limited" ability to handle (gross manipulation) with his right hand and is "unlimited" in his ability to finger (fine manipulation).  He indicated Plaintiff is limited to "occasional" handling with his "right upper extremity" and has the capacity for light work.  Tr. 94-97.  On June 30, 2016, Neal Berner, M.D., a state-agency physician, found the same limitations as Dr. Wiggins.  Tr. 129-30.

On February 24, 2018, John Ellison, M.D., performed a consultative examination of Plaintiff.  Tr. 4753-61.  Dr. Ellison noted Plaintiff is "able to grip, grasp, hold,

manipulate large and small objects with either hand," and he assessed Plaintiff's motor strength as "normal throughout except right shoulder by pain." Tr. 4754. Although Dr. Ellison found Plaintiff's right shoulder had reduced range of motion, he noted Plaintiff's "other joints [are] normal with good range of motion, including both wrist and hands." Tr. 4754. In the check-the-box portion of his report Dr. Ellison indicated Plaintiff is limited to "occasionally" reaching, handling, and fingering with his right hand. Tr. 4758.

The record contains conflicting medical opinions about limitations caused by Plaintiff's right-wrist injury. The ALJ is responsible for resolving conflicts in medical opinions regarding the degree to which medical conditions affect a claimant's ability to function. 20 C.F.R. §§ 404.1527, 416.927. *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). When the ALJ discounts the contradicted opinion of a treating or examining doctor, the ALJ must give "specific and legitimate" reasons supported by substantial evidence in the record. *Ford v. Saul*, 950 F.3d 1141 (9th Cir. 2020).

The ALJ gave "little weight" to the opinions of Drs. Wiggins and Berner on the ground that their opinions are

13 - OPINION AND ORDER

not supported by the record.  Tr. 39.  The ALJ also gave "little weight" to Dr. Ellison's opinion regarding Plaintiff's limitations on the ground that it "largely conflicts" with his examination findings that Plaintiff's manipulation limitations indicate normal motor strength or atrophy except for Plaintiff's right shoulder.  Tr. 40.  Plaintiff does not challenge the ALJ's decision to give little weight to the medical opinions of Drs. Wiggins, Berner, or Ellison.

On the other hand, the ALJ gave "great weight" to Dr. Lorber's opinion that there would not be any significant limitation as to the use of Plaintiff's wrists.  Tr. 36.  Again, Plaintiff does not specifically challenge the ALJ's assessment of Dr. Lorber's opinion.

Plaintiff, however, contends the ALJ found Plaintiff's right-wrist impairment was severe and Plaintiff's use of his right hand was limited.  Plaintiff, therefore, argues the ALJ must explain his conclusion that Plaintiff is capable of performing "frequent" handling with his right wrist rather than "occasional" handling as indicated by Drs. Wiggins, Berner, and Ellison.  Plaintiff also asserts Dr. Lorber did not state Plaintiff's ability to handle was limited.

Dr. Ellison completed a check-the-box form and indicated Plaintiff was limited to occasional handling with his right hand (Tr. 4758), but Dr. Ellison did not indicate Plaintiff was unable to frequently handle with the right hand. As noted, Dr. Ellison indicated Plaintiff is "able to grip, grasp, hold, manipulate large and small objects with either hand" and assessed Plaintiff's motor strength as "normal throughout except right shoulder by pain."  Tr. 4754.  Plaintiff concedes Dr. Ellison did not measure or indicate how frequently Plaintiff was able to handle with his right hand.  Pl.'s Reply (#20) at 3.

Plaintiff, nevertheless, argues the ALJ described Plaintiff's grip strength as "mildly reduced," but the ALJ failed to explain how grip strength is consistent with frequent handling rather than occasional handling.  The Commissioner, however, asserts Plaintiff fails to show how reduced grip strength necessarily impairs his ability to handle.  The Commissioner notes handling is a nonexertional function; *i.e.,* it does not affect the ability to meet the strength demands of a job.  20 C.F.R. §§ 404.1569a(c)(vi), 416.969a(c)(vi).  In any event, Dr. Ellison did not provide any explanation for the

15 - OPINION AND ORDER

occasional handling limitation and did not attribute it to grip strength.

Here the ALJ accepted Dr. Lorber's opinion that Plaintiff does not have any significant limitations of repetitive use for either wrist, and the ALJ gave that portion of Dr. Lorber's opinion great weight.  Plaintiff did not challenge that portion of the ALJ's opinion.  Although Dr. Lorber is only an examining physician, the opinion of an examining doctor may "serve as substantial evidence supporting the ALJ's findings with respect to . . . [the claimant's] exertional limitations . . . because it rests on his own independent examination [of the claimant]."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

On this record the Court concludes the ALJ provided legally sufficient reasons supported by substantial evidence in the record for giving great weight to Dr. Lorber's medical opinion and for discounting the medical opinions of Drs. Wiggins, Berner, and Ellison.  Accordingly, the Court concludes the ALJ provided legally sufficient reasons to support his assessment of Plaintiff's RFC, including his assessment of Plaintiff's limitation as to frequent handling and fingering with his right hand.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 24th day of February, 2021.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge

17 - OPINION AND ORDER